IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


| | |
|---|---|
| REATHER LAWRENCE,<br>individually and on behalf<br>of all other personal<br>credit card holders, etc.,<br><br>    Plaintiff,<br><br>    v.<br><br>HOUSEHOLD BANK (SB), N.A.,<br>and HOUSEHOLD CREDIT<br>SERVICES, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)       CIVIL ACTION NO.<br>         2:03cv280-MHT<br>              (WO) |


OPINION

Plaintiff Reather Lawrence brought this lawsuit on
February 10, 2003, against defendants Household Bank
(SB), N.A., and Household Credit Services, Inc. in
Alabama state court, claiming violations of the federal
Fair Credit Billing Act (FCBA), 15 U.S.C. §§ 1666-1666j,
as enforced by the Truth in Lending Act (TILA), 15 U.S.C.
§ 1640.[1]  The defendants, hereafter collectively referred

_____

    1.  Initially, there were two other plaintiffs in
                                      (continued...)

to as Household, removed this lawsuit from state to federal court pursuant to 28 U.S.C. §§ 1441 and 1446; this court's jurisdiction is properly invoked under 28 U.S.C. § 1331.   Now before the court is Household's motion for summary judgment.   For the reasons that follow, that motion will be granted.

## I. SUMMARY-JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."   Fed. R. Civ. P. 56(c).   Under Rule 56,

---

1.   (...continued)
this case, Kari Brown and Abe Hunter.   On September 13, 2004, this court entered an order staying Brown and Hunter's claims in favor of arbitration; Brown and Hunter were terminated as plaintiffs, and the court permitted Lawrence's claims to proceed.   Lawrence v. Household Bank (SB), N.A., 343 F.Supp.2d 1101 (M.D. Ala. 2004) (Thompson, J.); Lawrence v. Household Bank (SB), N.A., 397 F.Supp.2d 1332 (M.D. Ala. 2005) (Thompson, J.).

2

the court must view the admissible evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

## II. BACKGROUND

Lawrence, who holds a credit-card account issued by Household, claims that Household violated the FCBA, 15 U.S.C. § 1666c, and its implementing regulations, 12 C.F.R. § 226.10, by not posting payments received after 1:00 p.m. to a customer's account until the following day. Lawrence filed this suit as a putative class action, but this court has not certified a class nor is there a motion for class certification pending.

On or about May 15, 2004, while Lawrence's suit was pending in this court, Lawrence received notice that James Shea and four other named plaintiffs, on behalf of themselves and others similarly situated, had filed a

lawsuit in the Superior Court of Orange County, California, asserting, among other claims, that Household's practice of not crediting payments to their cardholders' accounts on the day the payments are received violates California state law.  In <u>Shea</u>, the parties proposed a class settlement that would release Household from any claims arising out of the acts that formed the basis of the lawsuit, including any claims arising under federal law.

Lawrence, anticipating that the <u>Shea</u> settlement if approved would bar her from pursuing the instant litigation, filed a motion asking this court to enjoin Household from settling <u>Shea</u> in such a way as to release the class from federal claims.[2]  This court denied Lawrence's motion on September 13, 2004.  Noting that the proposed <u>Shea</u> settlement included notice to all class members and an opportunity to opt out of the class, this court held that enjoining the <u>Shea</u> settlement would be

_____

2.  Lawrence's motion was joined by Brown and Hunter.

improper in part because Lawrence was free to opt out of that lawsuit and pursue her federal claims in this case.

Lawrence, however, did not opt out of the <u>Shea</u> settlement.  Instead, she appeared (by and through counsel) at the fairness hearing for the <u>Shea</u> settlement and made her objection known to the court.  The California court overruled Lawrence's objection and approved the <u>Shea</u> settlement classwide on November 1, 2004.  Lawrence appealed, but, on February 18, 2005, she filed a notice in California Superior Court that she was abandoning her appeal.


## III. DISCUSSION

Household now moves for summary judgment in this case on grounds of res judicata.  To resolve the pending motion, the court takes up three separate inquiries. First, as a threshold matter, is the <u>Shea</u> judgment res judicata as to Lawrence's claims in this case?  Second, if res judicata applies, should Lawrence nonetheless be

permitted to pursue her claims?  And third, if Lawrence
is barred from proceeding, should Lawrence's counsel be
permitted to conduct further discovery and come forward
with a replacement plaintiff whose claims are not barred?


## A. Res Judicata

Res judicata, also known as claim preclusion, is an
affirmative defense.  "Under res judicata, a final
judgment on the merits of an action precludes the parties
or their privies from relitigating issues that were or
could have been raised in that action."  Allen v.
McCurry, 449 U.S. 90, 94 (1980).  Where, as here, a
defendant in federal court invokes res judicata based on
a prior state-court judgment, that defense is governed by
the Full Faith and Credit Act, which provides that the
"judicial proceedings" of any State "shall have the same
full faith and credit in every court within the United
States ... as they have by law or usage in the courts of

such State ... from which they are taken." 28 U.S.C. § 1738.

In <u>Matsushita Electric Industrial Co. v. Epstein</u>, 516 U.S. 367 (1996), the United States Supreme Court held that the Full Faith and Credit Act should be applied to class-action settlements in state court that release the defendants from federal claims.[3]  <u>Matsushita</u> instructs that the federal court look to the law of the State in which the first judgment was entered to ascertain the effect of that judgment under state law.  516 U.S. at 375.  <u>See also</u> <u>Allen</u>, 449 U.S. at 96 ("Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgment emerged would do so.").

Here, the <u>Shea</u> judgment was entered by a California court, so this federal court must determine whether

_____

3.  The principal difference between <u>Matsushita</u> and this case is that the <u>Matsushita</u> settlement released the defendants from claims over which federal courts had exclusive jurisdiction, whereas in this case state courts have concurrent jurisdiction over TILA claims.  15 U.S.C. § 1640(e).  That distinction is immaterial here.

California law would give that judgment preclusive effect.   Based on this court's review of California preclusion law, several principles emerge.   First, res judicata is a well-established doctrine in California law; it is recognized by courts and codified by statute. Castro v. Higaki, 37 Cal. Rptr. 2d 84, 87 (Ct. App. 1994); Cal. Civ. Proc. Code § 1908.   Under California law, "It is established that the doctrine of res judicata precludes parties or their privies from relitigating a cause of action that has been finally determined by a court of competent jurisdiction."   Gamble v. General Foods Corp., 280 Cal. Rptr. 2d 457, 459 (Ct. App. 1991). Second, California courts give class-action settlements preclusive effect as to all members of the class. Johnson v. American Airlines, 203 Cal. Rptr. 638, 640 (Ct. App. 1984).   Third, to determine whether two lawsuits contain the same "cause of action" for res-judicata purposes, California courts assess whether the two actions involve the same "primary right."   Acuña v.

8

<u>Regents of Univ. of Cal.</u>, 65 Cal. Rptr. 2d 388, 394 (Ct. App. 1997).

Applying these principles to this case, under California law the <u>Shea</u> settlement would be res judicata as to Lawrence's claims.  It is undisputed that Lawrence was a member of the <u>Shea</u> class and did not opt out; and that Household, the defendant in this case, was a defendant in <u>Shea</u>.  Furthermore, the court finds that the <u>Shea</u> settlement involved the same "primary right" that Lawrence claims was violated in this case: Household's alleged duty to credit payments to cardholders' accounts on the day the payments are received.

Having determined that the <u>Shea</u> settlement would be res judicata under California law, the court must now determine whether to give it preclusive effect under the Full Faith and Credit Act, 28 U.S.C. § 1738. Theoretically, there are two reasons why § 1738 might not apply.  First, <u>Shea</u> is not binding on Lawrence if class certification in that case did not comply with due

process.  <u>Matsushita</u>, 516 U.S. at 394-99 (Ginsburg, J.,
dissenting); <u>Kremer v. Chemical Const. Corp.</u>, 456 U.S.
461, 482 (1982).  Here, the <u>Shea</u> court found that the
due-process requirements were satisfied, and Lawrence has
not challenged that determination.  Second, § 1738 would
not apply if Lawrence's claims invoke a federal statute
that partially repeals the Full Faith and Credit Act.
<u>Matsushita</u>, 516 U.S. at 380.  Lawrence does not argue
that TILA or the FBCA have any such effect on § 1738, and
the court is aware of no authority that so holds.  <u>Cf</u>.
<u>Albano v. Norwest Financial Hawaii, Inc.</u>, 244 F.3d 1061
(9th Cir. 2001) (plaintiffs' TILA claim barred by res
judicata).

    Accordingly, the court concludes that the <u>Shea</u>
settlement is res judicata as to Lawrence's claims in
this lawsuit.  Under the Full Faith and Credit Act, this
court must give preclusive effect to the California
court's judgment in <u>Shea</u>.  Because Lawrence did not opt

out of the plaintiff class in <u>Shea</u>, her claims cannot proceed in this court.[4]

### B. Adjudication Notwithstanding Res Judicata

Lawrence essentially concedes that res judicata bars her claims. <u>See</u> Pl. Supp. Submission (doc. no. 89) at 2 ("[T]he <u>Shea</u> final judgment now technically bars Plaintiff Lawrence from continuing to prosecute her claim."). Notwithstanding that concession, Lawrence argues that this court could "allow Ms. Lawrence to continue to maintain the action." <u>Id</u>. at 4. This court disagrees.

Res judicata is an affirmative defense. Although it is waivable, once asserted the court does not have discretion to ignore it. <u>Louisville & N.R. Co. v. M/V Bayou Lacombe</u>, 597 F.2d 469, 471 n.1 (5th Cir. 1979) (res

---

4. For a similar analysis by a federal district court applying the Full Faith and Credit Act to class-action settlements under California law, see <u>Patrowicz v. Transamerica HomeFirst, Inc.</u>, 359 F. Supp. 2d 140 (D. Conn. 2005) (Kravitz, J.).

judicata is an affirmative defense and as such is waivable);[5] <u>James v. Gerber Prods. Co.</u>, 587 F.2d 324, 327 (6th Cir. 1978) (res judicata is not discretionary; it is a congressional mandate under 28 U.S.C. § 1738).

In this case, Household properly asserted the res-judicata defense in its amended answer, and it is the sole basis for the summary-judgment motion now pending before the court. Having found the defense has merit, the court cannot now simply ignore it.

Lawrence argues that this action should proceed on the merits because it was filed before <u>Shea</u>. As a factual matter, Lawrence is incorrect: she filed this lawsuit on February 10, 2003, whereas the <u>Shea</u> litigation commenced on October 19, 2000, and a second amended complaint was filed on August 23, 2002. Therefore, Lawrence cannot invoke the first-filed rule in this court

_____

5. In <u>Bonner v. Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

because the record reflects that <u>Shea</u> was actually filed first.

Furthermore, as a legal matter, even if it were true that this lawsuit had been filed before <u>Shea</u>, that fact would not overcome Household's res-judicata defense. Typically, the first-filed rule is used to prevent parties from proceeding to judgment in duplicative litigation in favor of the case that was filed first in time.  <u>Semmes Motors, Inc. v. Ford Motor Co.</u>, 429 F.2d 1197, 1202 (2d Cir. 1970) (abstention); <u>William Gluckin & Co. v. Int'l Playtex Corp.</u>, 407 F.2d 177 (2d Cir. 1969) (injunction).   However, where, as here, parallel litigation proceeds concurrently in state and federal court, the first-filed rule rarely operates to stop a federal court from adjudicating a controversy simply because a state-court action was filed first.  <u>Ambrosia Coal and Const. Co. v. Pagés Morales</u>, 368 F.3d 1320, 1328, 1333 (11th Cir. 2004) (no abstention); <u>Klay v. United Healthgroup, Inc.</u>, 376 F.3d 1029, 1102-03 (11th

Cir. 2004) (no injunction).  Even more relevant to the
current posture of this case, if there is no abstention
or injunction and the second-filed case proceeds to
judgment first, the first-filed rule must yield to the
principles of res judicata as enforced through the Full
Faith and Credit Act.  See Chicago, R. O. & P. Ry. Co. v.
Schendel, 270 U.S. 611, 615-16 (1926); A. F. Plyant, Inc.
v. Republic Creosoting Co., 285 F.2d 840 (5th Cir. 1961).
That is to say, once the court with jurisdiction over the
second-filed case enters final judgment, there is no
going back on account of the first-filed rule.  The
authorities Lawrence cites in support of her first-filed
argument do not suggest otherwise.[6]

---

    6.  See Northwest Airlines v. American Airlines, 989
F.2d 1002 (8th Cir. 1993) (injunction by district court
to prevent parties from litigating in another federal
district court); Merrill Lynch, Pierce, Fenner & Smith,
Inc. v. Haydu, 675 F.2d 1169 (11th Cir. 1982) (federal
court abstains so that first-filed suit in state court
may proceed); Carbide & Carbon Chemicals Corp. v. U.S.
Industrial Chemicals, 140 F.2d 47 (4th Cir. 1944)
(federal court abstains so that first-filed suit in
another federal district court may proceed).

## C. Replacement of Plaintiff

Lawrence also argues that, even if she is barred from pursuing her claims, this court should allow her counsel to replace her with another named plaintiff whose claims are not barred. Although Lawrence did not opt out of the Shea litigation, she notes that several hundred cardholders did. Because Household knows the names and addresses of such persons, Lawrence argues that she should be permitted to conduct discovery to obtain that information. That way, her counsel can locate a new plaintiff to pursue the claims previously asserted by her.

The court rejects this argument as well. First, the relevant deadlines for discovery and amending pleadings have long since passed. On September 30, 2004, this court entered a uniform scheduling order which contained a deadline of November 15, 2005, for completing discovery and a deadline of January 17, 2005, to amend pleadings (which is what Lawrence would have to do in order to add

a new plaintiff).  Also, the magistrate judge in this
case has already entered an order denying (albeit without
prejudice) Lawrence's motion to compel discovery of the
identities of the <u>Shea</u> class members who opted out.  The
magistrate judge entered the order denying Lawrence's
motion to compel on March 3, 2005, and Lawrence did not
object to that order within ten days pursuant to Rule
72(a) of the Federal Rules of Civil Procedure.

Furthermore, the court agrees with the magistrate
judge that Lawrence does not have standing to compel
production of the information she seeks.  As stated,
Lawrence's claims are barred by res judicata because she
was a member of the <u>Shea</u> class and did not opt out of the
settlement.  Discovery is available only to the extent it
is relevant to a claim or defense; because Lawrence
cannot proceed on her claims, she has no right to further
discovery.  <u>See</u> Fed. R. Civ. P. 26(b)(1).  Although
Lawrence's attorneys may have an interest in locating a
new plaintiff, attorneys do not have standing to file

16

motions on behalf of potential future clients who are not parties to the case.  Kowalski v. Tesmer, 543 U.S. 125 (2004).

Even if Lawrence had the information she needed to locate a replacement plaintiff and was ready to amend her complaint today, she would still be unable to do so. Courts in this circuit have held that where the sole plaintiff in a case loses standing to proceed on his or her cause of action, the plaintiff also loses standing to amend the complaint to add plaintiff parties whose cause of action would survive.  Jaffree v. Wallace, 837 F.2d 1461, 1466 (11th Cir. 1988) (plaintiffs could not "amend their complaint to surmount an otherwise fatal res judicata bar"); Summit Office Park, Inc. v. U.S. Steel Corp., 639 F.2d 1278 (5th Cir. Mar. 1981).  In the class-action context, courts have also held, with some exceptions not relevant here,[7] that if a class has not been certified and the named plaintiff loses standing to

---

7.  E.g., United States Parole Comm'n v. Geraghty, 445 U.S. 388 (1980).

proceed on his or her individual claim, the case must be dismissed.  Lusardi v. Xerox Corp., 975 F.2d 964, 974 (3d Cir. 1992) (citing cases).

Admittedly, Lawrence's situation is slightly different because she does not lack standing in the sense that there is no case or controversy under Article III of the Constitution.  See Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 11 (2004) (constitutional standing doctrine derives from Article III case-or-controversy requirement).  There is, theoretically, a difference between a lack of Article III standing, which deprives the court of subject-matter jurisdiction over the case, DaimlerChrysler Corp. v. Cuno, 547 U.S. ___, ___, 126 S. Ct. 1854, 1861 (2006), and res judicata, which completely bars the court from adjudicating claims without technically depriving it of jurisdiction to render a final judgment.  See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293 (2005).  In this case, however, the result is the same: Household's motion

for summary judgment is due to be granted on Lawrence's claims on res judicata grounds, which leaves no party in this case with standing to seek further discovery or amend the complaint to add a new plaintiff. Even if there is a putative class of <u>Shea</u> opt-outs whose interests might be represented by compelling discovery and amending the <u>Lawrence</u> complaint, neither Lawrence nor her attorneys adequately represent them nor has such a class been certified.

The authorities Lawrence cites do not support her argument for substituting a new plaintiff whose claims are not barred. <u>Birmingham Steel Corp. v. TVA</u>, 353 F.3d 1331 (11th Cir. 2003), and <u>Ford v. U.S. Steel Corp.</u>, 638 F.2d 753 (5th Cir. Mar. 1981), each involve courts that had certified, and then decertified, the class; the question was whether to permit the plaintiff <u>class</u> to locate substitute named plaintiffs so that the suit could continue as a class action. In this case, there is no class, and never was. Therefore, there is no interested

19

party whom the court could allow to locate a substitute named plaintiff.

Lawrence also cites <u>Griffith v. Bowen</u>, 678 F. Supp. 942 (D. Mass. 1988), in which a Massachusetts district court held that "when a class action suit has been filed and certification has not yet been acted on, attempts to 'pick off' the named plaintiffs will not moot the case where there is an ongoing controversy between the proposed class and the defendant." 678 F. Supp. at 947. <u>Griffith</u> was in a procedural posture similar to this case because class certification had not been granted nor was a motion for class certification pending. But <u>Griffith</u> is materially different from this case because in that case the defendant had "picked off" the named plaintiffs, and only the named plaintiffs, by voluntarily tendering payment in satisfaction of their claims. Here, by contrast, Household has not "picked off" Lawrence or anyone else; rather, Household entered into a global settlement agreement with the entire class of whom

Lawrence was one member, a settlement from which Lawrence had the opportunity, of which she did not avail herself, to opt out.

In sum, neither Lawrence nor her attorneys can continue this litigation by seeking replacement plaintiffs whose claims are not barred. The deadlines for conducting discovery and adding parties have long since passed, and the applicable case law does not favor prolonging this suit.

* * *

For the foregoing reasons, Household's motion for summary judgment is due to be granted. An appropriate judgment will be entered.

DONE, this the 20th day of August, 2007.

_____/s/ Myron H. Thompson_____
UNITED STATES DISTRICT JUDGE